# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 4, 2025

```
* * * * * * * * * * * * * * *
CHRISTA BEATE HAMILTON,          *
                                 *
            Petitioner,          *        No. 19-1483V
                                 *
v.                               *        Special Master Gowen
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
            Respondent.          *
* * * * * * * * * * * * * * *
```

*Danielle Anne Strait*, Maglio Christopher & Toale, P.A. Seattle, WA, for Petitioner.
*Ryan Daniel Pyles*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 27, 2024, Christa Hamilton ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 79). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$88,237.62.**

### I.    Procedural History

On September 25, 2019, Christa Hamilton filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that the influenza vaccine she received on October 8, 2016, caused her to develop polymyalgia rheumatica. *Id.* at Preamble. On January 3, 2024, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 74).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On June 27, 2024, petitioner filed a motion for attorneys' fees and costs incurred by Maglio Christopher & Toale Law Firm (mctlaw) and petitioner's prior counsel at Burdette Law ("Fees App."). Petitioner requests compensation as follows: for mctlaw a total of $71,820.64, representing $37,991.50 in attorneys' fees and $33,829.14 in attorneys' costs; and for Burdette Law, a total of $17,546.48, representing $16,748.50 in attorneys' fees and $797.98 in attorneys' costs. Fees App. at 1-2. Pursuant to General Order No. 9, Petitioner warrants she did not personally incur any costs related to litigation of this matter. Fees App. Ex. 50. Respondent reacted to the fees motion on June 28, 2024, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2, ECF No. 80. Petitioner filed a reply the same day. Reply, ECF No. 81. On August 7, 2024, petitioner filed a motion to amend her Fees App., only regarding the mailing address to where compensation will be forwarded, which was granted on.

The matter is now ripe for adjudication.

## II.    Analysis

Under the Vaccine Act, petitioner's counsel is entitled to reasonable attorneys' fees and costs when compensation is awarded. The special master may also award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.    Attorneys' Fees

#### i.    mctlaw

Petitioner requests the following rates of compensation for her attorneys at mctlaw: for Ms. Danielle Strait: $415.00 per hour for work performed in 2022, $450.00 per hour for work performed in 2023, and $480.00 per hour for work performed in 2024; for Mr. Altom Maglio: $520.00 per hour for work performed in 2022; for Ms. Diane Stadelnikas: $490.00 per hour for work performed in 2022; and for Mr. Jamie Robinson, $310.00 per hour for work performed in 2024. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and I find them to be reasonable herein. I shall also award the requested paralegal time at the provided rates.

2

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $37,991.50 for the work performed by mctlaw.

## ii.    Burdette Law

Petitioner requests the following rates of compensation for her attorneys at Burdette Law: for Mr. Lee Burdette, $400.00 per hour for work performed between 2019 and 2022, and for Ms. Kelly Burdette, $275.00 per hour for work performed between 2019 and 2022. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and I find them to be reasonable herein. I shall also award the requested paralegal time at the provided rates.

5Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $16,748.50 for the work performed by mctlaw.

## b.    Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

### i.    mctlaw

Petitioner requests total attorneys' costs in the amount of $33,829.14, which includes acquiring medical records, DocuSign fees, expert search/vetting services, and expert fees.

Petitioner's expert, S. Michael Phillips, MD, charged a total of $14,934.50, for 25.1 hours at $595.00 per hour. Ex. 49 at 15. While Dr. Phillips's requested rate of $595.00 per hour is not necessarily objectionable, it exceeds the $550.00 per hour that he was previously awarded for similar work, largely performed in 2022. *See Hock v. Sec'y of Health & Human Servs.*, No. 21-945V, 2024 WL 1639992, at *3 (Fed. Cl. Spec. Mstr. Mar. 18, 2024); *Leidner v. Sec'y of Health & Human Servs.*, No. 19-1320V, 2024 WL 5379170, at *3 (Fed. Cl. Dec. 12, 2024). Accordingly, I will reduce Dr. Phillips's rate from $595.00 to $550.00 per hour for the expert services he performed in this case. This results in a reduction of **$1,129.50**.[3] The remainder of the costs are reasonable and shall be awarded as requested. Accordingly, Petitioner is entitled to final attorneys' costs incurred by her counsel at mctlaw in the amount of $32,699.64.

### ii.    Burdette Law

Petitioner requests total attorneys' costs in the amount of $797.98, which includes

---

[3] This amount is calculated as: ($595 - $550) x 25.1 hrs. = $1,129.50.

acquiring medical records and the Court's filing fee. The costs requested by Burdette Law in this matter appear reasonable, and they shall be awarded in full without reduction.

### III.    Conclusion

In accordance with the foregoing, I hereby **GRANT** petitioner's motion for attorneys' fees and costs and find that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| mctlaw | |
|---|---|
| Attorneys' Fees Requested | $37,991.50 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$37,991.50** |
| | |
| Attorneys' Costs Requested | $33,829.14 |
| (Reduction of Costs) | ($1,129.50) |
| **Total Attorneys' Costs Awarded** | **$32,699.64** |
| | |
| **Total Attorneys' Fees and Costs (mctlaw)** | **$70,691.14** |
| | |
| **Burdette Law** | |
| Attorneys' Fees Requested | $16,748.50 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$16,748.50** |
| | |
| Attorneys' Costs Requested | $797.98 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$797.98** |
| | |
| **Total Attorneys' Fees and Costs (Burdette Law)** | **$17,546.48** |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $70,691.14 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's (mctlaw) IOLTA account for prompt disbursement.**

2) **a lump sum in the amount of $17,546.48 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's (Burdette Law) IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**/s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).